UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BLACK DIAMOND PROPERTIES, INC.,  )
                               )
Plaintiff,                 )         No. 5:05-cv-132-Oc-10GRJ
                               )
vs.                      )
                               )
ROBERT W. HEDICK,       )
                               )
Defendant.            )
_____)

## PERMANENT CONSENT INJUNCTION

Before the Court is Plaintiff's Unopposed Motion for Entry of Permanent Consent Injunction (the "Motion"). Upon consideration, it is ORDERED AND ADJUDGED:

1.      The Motion is **GRANTED**.

2.      Plaintiff Black Diamond Properties, Inc. ("Plaintiff") is the developer of the world famous Black Diamond golf course and related Black Diamond residential development in Citrus County, Florida.

3.      Plaintiff is the owner of the BLACK DIAMOND name and related marks, as used in connection with golf and real estate related goods and services.

4.      Plaintiff owns U.S. Federal Registration No. 2,236,827 for the service mark BLACK DIAMOND RANCH and DESIGN (the "BLACK DIAMOND Mark").

5.      The BLACK DIAMOND Mark has been in constructive use since at least as early as 1986, and has been used continuously and prominently in commerce ever since.

6.      Plaintiff owns common law rights in BLACK DIAMOND. Collectively, the BLACK DIAMOND Mark and Plaintiff's common law marks are known hereafter as the BLACK DIAMOND Marks.

7.      Plaintiff's use in commerce of the BLACK DIAMOND Marks pre-dates Defendant's use in commerce of the subject marks.

8.      Plaintiff's BLACK DIAMOND Marks are arbitrary for Plaintiff's golf and real estate related goods and services, and are, therefore, strong marks subject to protection regardless of proof of secondary meaning.

9.      Plaintiff has spent substantial sums promoting and advertising its golf and real estate related goods and services under the BLACK DIAMOND Marks throughout the United States.

10.      Plaintiff has also established an extensive web site on the Internet for advertising its BLACK DIAMOND goods and services, using the BLACK DIAMOND Marks.

11.      As a result of the widespread and continuous use and promotion of Plaintiff's BLACK DIAMOND Marks, these marks have become well known and recognized as identifying Plaintiff as the source of the goods and services offered under the BLACK DIAMOND Marks.

12.      Plaintiff's action against Defendant Robert W. Hedick ("Defendant") is for false designation of origin and unfair competition under 15 U.S.C. § 1125(a) and the common law, trademark infringement pursuant to 15 U.S.C. § 1114, trademark dilution pursuant to 15 U.S.C. § 1125(c) and Florida state law, and common law trademark and trade name infringement.

13.      Based on the allegations in the Complaint, and Defendant's consent to entry of this Permanent Consent Injunction, Defendant, and all of his agents, representatives, employees, affiliates and all others acting in concert with him, are hereby permanently enjoined and restrained from using "Black Diamond" in print advertisements or promotional materials, in radio or television advertising,

005.375179.1

-2-

on the Internet (either in the text of a web site, as a domain name, or as a key word, search word, metatag or as any part of the description of the site in any submission for registration of any Internet site with a search engine or index), or for any other commercial purpose, except merely to describe the location of a particular house for which Defendant is performing brokerage services.

14.    This Court reserves jurisdiction to enforce the terms of this Permanent Consent Injunction.

**Done and Ordered** in Tampa, Florida, this ___4th___ day of ~~April~~ *may*, 2005.

_____
UNITED STATES DISTRICT COURT JUDGE

Copies to:

All counsel of record

John Dean
230 NE 25th Avenue, Suite 100
Ocala, FL  34470